**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 16-37669 |
| RENEWABLE ASSET MANAGEMENT COMPANY, LLC, | ) ) | Honorable Pamela S. Hollis |
| | ) | **Hearing Date:** December 8, 2016 |
| Debtor. | ) | **Hearing Time:** 10:00 a.m. |
| | ) | |

## NOTICE OF MOTION

TO:  See attached service list

     PLEASE TAKE NOTICE that on **Thursday, the 8th day of December, 2016, at 10:00 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any judge sitting in her place and stead, in Courtroom 644 of the Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present that certain **MOTION OF CREDITOR CAROL DELGADO FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASES AND GRANTING RELATED RELIEF**, a copy of which is hereby served upon you.

                                  NATHAN Q. RUGG, ESQ. (ARDC #6272969)
                                  HENRY B. MERENS, ESQ. (ARDC #6181695)
                                  BRAD A. BERISH, ESQ. (ARDC #6200891)
                                  ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
                                  ADELMAN & GETTLEMAN, LTD.
                                  53 West Jackson Blvd., Suite 1050
                                  Chicago, Illinois 60604
                                  Tel (312) 435-1050
                                  Fax (312) 435-1059
                                  **Counsel for Carol Delgado, Creditor**

## CERTIFICATE OF SERVICE

     The undersigned, an attorney, hereby certifies that a true copy of the foregoing Notice of Motion and documents referred to therein were served upon the persons listed on the attached Service List via CM/ECF as indicated this 5th day of December, 2016.

                                  /s/ Nathan Q. Rugg
                                  Nathan Q. Rugg, Esq.

802093_1

# SERVICE LIST

**Via ECF**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St.
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov
*(U.S. Trustee)*

Bryan E. Minier
Lathrop & Gage
155 North Wacker Drive
Suite 3000
Chicago, IL 60606
bminier@lathropgage.com
*(Counsel to the Receiver and Purported Counsel to Renewable Asset Management Company, LLC)*

William J. Dorsey
Paul T. Musser
John P. Seiger
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
William.dorsey@kattenlaw.com
Paul.musser@kattenlaw.com
John.sieger@kattenlaw.com
*(Counsel to The PrivateBank and Trust Company)*

802093_1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 16-37669 |
| RENEWABLE ASSET MANAGEMENT | ) | |
| COMPANY, LLC | ) | Honorable Pamela S. Hollis |
| | ) | **Hearing Date: December 8, 2016** |
| Debtor. | ) | **Hearing Time: 10:00 a.m.** |

**MOTION OF CREDITOR CAROL DELGADO FOR ENTRY OF AN ORDER
DISMISSING CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

NOW COMES Carol J. Delgado, individually ("Movant"), a creditor and party in interest herein, by and through her undersigned counsel, and pursuant to sections 105(a), 349, 543 and 1112(b) of title 11 of the United States Code (hereinafter, the "Bankruptcy Code"), for entry of an order dismissing the above-captioned chapter 11 case and any chapter 11 cases filed as related thereto, and reserving jurisdiction to determine sanctions for an improper, unauthorized filing (the "Motion"), and in support thereof, respectfully states as follows:

**I.     INTRODUCTION**

The above-captioned case and all related cases must be dismissed for the lack of authorization to file a petition for relief under chapter 11 of the Bankruptcy Code. A state-court receiver filed the bankruptcy petitions based solely on language in an order of appointment that provided general authority "to file any lawsuit or other legal action that may be appropriate and necessary in the Receiver's reasonable discretion." As a matter of law, such generic language is insufficient to imbue a receiver with the profound power of filing bankruptcy, which requires specific authority. The receiver knew his order of appointment was not sufficient; he previously notified the state court in writing that he would file a motion to obtain express authority to file

1

#801812v3

the present chapter 11 case(s). No such motion was filed, nor did the state court ever provide the specific authority required to file bankruptcy.

Compounding the problem after improperly forcing five entities into bankruptcy, the receiver is now acting as management for the debtor-in-possession and has purported to appoint his personal counsel as attorney for the debtors. The receiver's first action as debtor was to file an adversary action and attempt to obtain a preliminary injunction, relief that was denied to the receiver and the plaintiff-lender in prepetition litigation. The receiver, together with the lender-plaintiff who apparently supports the filings, have improperly turned a state court dispute into a federal bankruptcy case, having been frustrated by rulings that did not go in their favor. Such egregious overreaching cannot be sustained, as the receiver has no authority to file the chapter 11 case in the first instance. Accordingly, the present bankruptcy and the four related cases must all be dismissed. Further, because the receiver has knowingly acted without the requisite authority, sanctions are appropriate.

## II.     FACTUAL BACKGROUND

### A.     The Chapter 11 Cases

1.     On November 29, 2016 (the "Petition Date"), Timothy Turek, not individually, but in his capacity as a receiver (the "Receiver"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, on behalf of each of the following entities: Renewable Asset Management Company, LLC (Case No. 16-37669), FMSI of Delaware, Inc. (Case No. 16-37671), FMSI Consumer Credit Corporation (Case No. 16-37672), FMSI-Financial Resources, LLC (Case No. 16-37673), and Three Marketiers, LLC (Case No.16-37674) (collectively, the "RAMC Entities" and the "Chapter 11 Cases").

2.     Bryan E. Minier, who serves as counsel for the Receiver in pending state-court litigation, filed a motion purportedly on behalf of the RAMC Entities on November 30, 2016

2

#801812v3

[Docket No. 7], requesting joint administration for the Chapter 11 Cases for procedural purposes only.

3. Movant maintains equity interests in, and serves as an executive or manager for, each of the RAMC Entities, and is a creditor.

4. No trustee or official committee has been appointed in the Chapter 11 Cases.

5. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested herein are sections 105, 349, 543 and 1112 of the Bankruptcy Code.

**B.    State Court litigation and appointment of the Receiver**

7. On September 7, 2016, The PrivateBank and Trust Company (the "Bank") filed a complaint against the RAMC Entities and Movant in connection with financial accommodations provided to the RAMC Entities, thereby commencing that certain action currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court"), case no. 2016-CH-11769 (the "Bank Litigation").

8. On September 12, 2016, pursuant to the Bank's motion (attached hereto without original exhibits, as Exhibit A, the "Receiver Motion"), the State Court entered an order appointing Timothy A. Turek as Receiver for the RAMC Entities "to protect and manage" their assets (the "Receiver Order"). A copy of the Receiver Order, as attached to the voluntary petition filed in the above-captioned case, is attached hereto as Group Exhibit B. Counsel for the Bank and for the RAMC Entities negotiated the terms of the Receiver Order in open court,

3

#801812v3

with certain proposed provisions thereof being struck by the State Court. Receiver Order, ¶¶10 and 15.

9. The Receiver selected Bryan E. Minier as his counsel, which selection the State Court approved.

10. The Receiver Order, among other things, provides:

    i. "Under Illinois law, [the Bank] is entitled to the appointment of a Receiver over all the property and assets of [the RAMC Entities]." Receiver Order, ¶6.

    ii. "Receiver is hereby authorized to take possession of all Assets and is instructed to oversee, maintain, carry on, manage, repair, insure, and protect all such property and Assets without further Order of Court." *Id.* at ¶9.

    iii. "Receiver shall be authorized and instructed to conduct all affairs of the [RAMC Entities] including, without limitation, any of the following acts:

> a) to take immediate possession of, custody of, and control over the Assets;
>
> b) to continue to manage the business operations of [the RAMC Entities];
>
> *****
> h) <u>upon prior notice to all parties and approval of the Court</u>, to market and sell any or all of the Assets;
>
> i) <u>upon prior notice to all parties and approval of the Court</u>, to abandon any or all of the Assets;
>
> j) <u>upon prior notice to all parties and approval of the Court</u>, to borrow funds on behalf of [the RAMC Entities];
>
> k) <u>upon prior notice to all parties and approval of the Court</u>, to retain other professionals, including but not limited to attorneys and accountants, as the receiver may determine may be necessary to assist it; and
>
> l) to file any lawsuit or other legal action that may be appropriate and necessary in the Receiver's reasonable discretion."

*Id.* at ¶12.

4

#801812v3

11. The State Court removed from the Receiver Order language that would allow the Receiver to hire or fire RAMC Entities' personnel, or to adjust their salary. *Id*. a t ¶ 12(g). Further, at the hearing to consider entry of the Receiver Order, the State Court indicated that if the Receiver believed he required additional authority with respect to managing the RAMC Entities, that he can request such authority by motion. The Receiver thereafter filed a motion to expand his powers, but the State Court denied the Receiver's request.

12. On October 12, 2016, the Receiver filed that certain *Receiver's Initial Report* in the Bank Litigation (the "Report"). A copy of the Report without original exhibits, is attached hereto as Exhibit C.

13. In his Report the Receiver stated, among other things:

   i. "As a result of the above findings and for the reasons stated below, the Receiver intends to file a motion clarifying that the Receiver has the authority to file bankruptcy petitions on behalf of the [RAMC Entities]." Report, ¶4 (emphasis added);

   ii. "Based on the facts and circumstances outlined above, the Receiver believes the proper venue for this matter is a federal bankruptcy court. . ." *Id.* at ¶113;

   iii. "The Receiver Order arguably provides the Receiver the authority to file a voluntary petition for chapter 11 protection of all or some of the [RAMC Entities] under Paragraph 12(l), which states 'Without further order of the Court, Receiver shall be authorized and instructed to conduct all affairs of the Borrowers including, without limitation, any and all of the following acts… (l) to file any lawsuit or other legal action that may be appropriate and necessary in the Receiver's reasonable discretion." *Id*. at ¶115; and

   iv. "Out of an abundance of caution, however, the Receiver intends to file a motion seeking an order from this Court authorizing him to file a bankruptcy for each of the Borrowers." *Id.* at ¶116 (emphasis added).

**C.    The Receiver filed the petitions without authority from the State Court**

14. Upon presentation of the Report to the State Court, counsel for the Receiver indicated that he was not presently seeking relief based on his statements in the Report.

5

#801812v3

15. Notwithstanding these statements and his representations made in the Report, without first seeking authority from the State Court, the Receiver filed voluntary petitions for relief for each of the RAMC Entities and thereby commenced the Chapter 11 Cases. A copy of the petition filed by the Receiver for Debtor Renewable Asset Management Company, LLC is attached as part of Group Exhibit B, filed herewith (the "RAMC Petition"). In the RAMC Petition the Receiver indicates that each of the other RAMC Entities is an affiliate of Renewable Asset Management Company, and that each of the other Chapter 11 Cases is related.

16. The Receiver executed the RAMC Petition with his electronic signature as "Timothy Turek, not individually but as Receiver for Debtor." The Receiver's attorney executed the RAMC Petition with his electronic signature as "attorney for debtor." Petition, p. 4.

17. The Receiver attached to the RAMC Petition a supplement that purported to explain the basis for his alleged authority to file the petition. *Id.* at pp. 6-14. Therein, the Receiver alleges that he is authorized to file the RAMC Petition pursuant to the Receiver Order, specifically, the provisions allowing him to "manage the business operations" of the RAMC Entities and to "file any lawsuit or other legal action that may be appropriate and necessary in the Receiver's reasonable discretion." *Id*. at p. 6.

18. Immediately after filing the Chapter 11 Cases, the Receiver and his counsel, now acting as a debtor-in-possession, filed a complaint by the RAMC Entities against RAMCO Holdings, LLC in the above-caption matter, thereby commencing adversary case no. 16-708 (the "Adversary Proceeding"). The Receiver also filed that certain *Motion for Preliminary Injunction* in the Adversary Proceeding [Docket No. 3]. Many of the allegations, causes of actions and relief sought in the Adversary Proceeding mirror the allegations asserted by the Bank and/or the Receiver in the Bank Litigation, as detailed in the Report.

6

#801812v3

19. In the Bank Litigation to date, the State Court has denied the Bank's attempts to assert dominion over the assets that are now at issue in the Adversary Proceeding. Having been rebuffed in the Bank Litigation, the Bank and the Receiver took the extraordinary step of filing chapter 11 bankruptcies to get relief from this Court instead.

20. Based on the actions taken by the Receiver and his counsel to date, it appears that the Receiver intends to proceed in the Chapter 11 Cases as management for the RAMC Entities as debtors in possession, and that Receiver's counsel appointed in the Bank Litigation intends to proceed as counsel for the RAMC Entities. Alternatively, the Receiver is intentionally acting as if he has been appointed a receiver in the Chapter 11 Cases, which is expressly forbidden by section 105(b) of the Bankruptcy Code. Notwithstanding its power under section 105(a), a bankruptcy court "may not appoint a receiver in a case under this title." 11 U.S.C. § 105.

### III.   REQUEST FOR RELIEF AND LEGAL AUTHORITY THEREFOR

21. "It is well-settled that a bankruptcy filing is a specific act requiring specific authorization." *In re Nica Holdings, Inc*., 810 F.3d 781, 789 (11th Cir. 2015) (citations omitted); *see also In re Arkco Properties, Inc*., 207 B.R. 624, 628 (Bankr. E.D. Ark. 1997) (citations omitted). In this case, the Receiver had authority only to file lawsuits on behalf of the RAMC Entities. He lacked any specific authority to file the Chapter 11 Cases, having received no such authority from either the State Court or the RAMC Entities as required by federal and state law.

22. The Chapter 11 Cases must be therefore be dismissed immediately under 11 U.S.C. § 1112(b). Further, because the Receiver acknowledged his lack of authority and made representations in the Bank Litigation that he would first obtain the specific authority necessary to file bankruptcy, sanctions are appropriate against the Receiver for filing the Chapter 11 Cases in bad faith and without authority. Movant requests that this Court immediately dismiss the

7

Chapter 11 Cases and retain jurisdiction to determine the appropriate sanctions for the unauthorized conduct of the Receiver.

### A. Dismissal is required under section 1112(b) of the Bankruptcy Code for lack of corporate authority.

23. Section 1112(b) of the Code mandates conversion or dismissal of a chapter 11 case if a party in interest shows "cause." 11 U.S.C. § 1112(b). The statute lists several examples of "cause," but this list is not exclusive. *Id.* It is universally accepted that one of the non-enumerated grounds for conversion or dismissal is a "lack of proper corporate authority or an ultra vires act by a corporate agent" in filing the bankruptcy petition. *In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 430 (Bankr. N.D. Ill. 1997).

24. In addition, while not listed in section 1112(b), good faith is recognized as a prerequisite to filing a bankruptcy case under chapter 11 of the Bankruptcy Code. *In re Dilling,* 322 B.R. 353, 360 (Bankr. N.D. Ill. 2005) (citing *In re Madison Hotel Associates,* 749 F.2d 410, 426 (7th Cir. 1984)). Accordingly, if a bankruptcy case is not filed in good faith, it can be dismissed. *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 381 (8th Cir. 2000) (dismissal is appropriate where case was filed in bad faith even if there is a valid reorganization plan).

### B. Delaware and Illinois state law place the power to authorize a bankruptcy filing in the officers and management of a company.

25. To determine who within an entity's organizational structure contains the power to cause it to file bankruptcy, courts look to the entity's state of incorporation. *In re Lake Michigan Beach Pottawattamie Resort LLC*, 547 B.R. 899, 910 (Bankr. N.D. Ill. 2016); *Gen-Air*, 208 B.R. at 430. The RAMC Entities comprise one Illinois corporation, two Illinois LLCs, one Delaware corporation, and one Delaware LLC, so the applicable laws are those of Illinois and Delaware.

8

26. The laws of Illinois and Delaware are in agreement that the authority to cause a corporation to file bankruptcy rests solely with its board of directors. *In re N2N Commerce, Inc.*, 405 B.R. 34, 41-42 (Bankr. D. Mass. 2009) (applying Delaware law); *Gen-Air*, 208 B.R. at 430 (applying Illinois law); *Dearborn Process Serv., Inc. v. Storner (In re Dearborn Process Serv., Inc.)*, 149 B.R. 872, 878 (Bankr. N.D. Ill. 1993) (same).

27. Likewise, in Illinois and Delaware the authority to cause an LLC to file bankruptcy is held by its members, who may use the LLC's operating agreement to define the precise circumstances under which a bankruptcy is permitted. *In re NNN 123 North Wacker, LLC*, 510 B.R. 854, 858 (Bankr. N.D. Ill. 2014) (applying Delaware law); *see also* 805 ILCS 180/13-5 (requiring member approval to take actions outside the ordinary course of business).

28. Importantly, under state law a board of directors must <u>specifically</u> provide for precise authorization to file a bankruptcy. For example, in *N2N Commerce,* the court found that an assignee for the benefit of creditors who was appointed by a Delaware corporation's board lacked authority to commence a bankruptcy case on behalf of assignor corporation, absent express authority from the board. 405 B.R. at 43.

**C. A receiver may file bankruptcy only after obtaining specific authority**

29. It is possible that a state court could, <u>only by express grant</u>, override these provisions and authorize a receiver to place a company in bankruptcy. But such authority is not inherent in an equity receivership, even where the receiver has been granted the exclusive authority to prosecute an entity's causes of action. *See Cash Currency Exchange, Inc. v. Shine (In re Cash Currency Exchange, Inc.)*, 762 F.2d 542, 552-53 (7th Cir. 1985) (holding that a receiver's exclusive title to causes of action and other assets was "irrelevant to whether a particular entity may file for bankruptcy relief").

9

30. Similarly, a receiver's right to manage a company's affairs cannot be expanded to authorize a bankruptcy filing. *See Winter v. Bel-Aire Invs. (In re Bel-Aire Invs., Inc.)*, 97 B.R. 88, 89-90 (Bankr. M.D. Fla. 1989) ("There is no question that the authority to manage the affairs of the corporation does not include the right to file a petition for relief under any of the operating chapters of the Bankruptcy Code.").

31. Instead, a receiver must first obtain an express grant of authority to file bankruptcy from the court that appointed him. *Jolly v. Pittore*, 170 B.R. 793, 797 (S.D.N.Y. 1994) ("The receiver does not have the power, at least without special order of the court, to institute bankruptcy proceedings."); *cf. In re Monterey Equities-Hillside*, 73 B.R. 749, 752 (Bankr. N.D. Cal. 1987) (noting that the Bankruptcy Code and Bankruptcy Rules do "not preclude the filing of an involuntary petition by a state court-appointed receiver who has been expressly authorized to file a bankruptcy petition") (emphasis added).

32. Furthermore, some courts have held that even with an express grant of authority, a receiver—who represents the interests of an entity's creditors—cannot commence a voluntary bankruptcy without the consent of the entity's management. Such an outcome would allow creditors to ignore the Bankruptcy Code's eligibility criteria for involuntary cases and thrust the state court judge overseeing the receivership into, in the colorful words of Judge Learned Hand, "the part of a benevolent despot." *Manhattan Rubber Mfg. Co. v. Lucey Mfg. Co.*, 5 F.2d 39, 43 (2d Cir. 1925) (Hand, J., concurring). The Receiver has not alleged that he obtained consent to file from the RAMC Entities, nor has any been provided.

33. For these reasons, courts for nearly a century have deemed it inappropriate for corporate receivers to utilize general receivership powers for voluntary bankruptcies. *See, e.g.*, *Id*. at 42; *Monterey Equities-Hillside*, 73 B.R. at 752 (holding that because corporate debtor had

not consented to filing, receiver "may not commence a voluntary case on behalf of [it]"); *see also In re Corporate & Leisure Event Productions, Inc.*, 351 B.R. 724, 732 n.30 (Bankr. D. Ariz. 2006) (noting that bankruptcy filed by receiver against the will of corporate management may "have to be treated as an involuntary filing"). To that end, Movant understands and believes that the Bank has actively sought additional petitioning creditors to file involuntary bankruptcies, but has not been able to obtain the necessary additional two creditors to do so.

34. In the Bank Litigation, the Bank sought appointment of the Receiver pursuant to 805 ILCS §§ 12.50(a)(2)(ii) and 12.60(d), as well as the court's "inherent power to appoint a receiver." Receiver Motion, p. 10. Section 12.60(d), as acknowledged by the Bank, provides a receiver only with "powers and duties as the court, from time to time, may direct." 805 ILCS 5/12.60. Thus the Receiver does not have any powers that were not specifically directed by the State Court under the Receiver Order.

35. The Receiver did not obtain from the State Court the necessary, specific authority to file the Chapter 11 Cases, nor did he commence the case as an involuntary proceeding (nor could he). Rather, he cited the generic authority to file lawsuits as the basis to commence these cases. Reliance on this general authority granted by the State Court is deficient, and the Receiver has previously conceded as much. Having made specific representations to the State Court and the RAMC Entities that he would first seek the necessary authority by the State Court, the Receiver has now knowingly acted beyond the scope of his powers.

36. Absent any specific authority to file the Chapter 11 Cases, the Receiver had no power to proceed in bankruptcy and dismissal under section 1112(b) is now required.

11

### D. Sanctions are appropriate for the Receiver's unauthorized actions, and should be determined after dismissal

37. Based on the foregoing actions, the Receiver and his counsel may be subject to sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, section 105 of the Bankruptcy Code and the Court's inherent power to sanction. *See, e.g. In re Collins*, 250 B.R. 645, 656 (Bankr. N.D. Ill. 2000) (court imposed sanctions after dismissal of chapter 7 case filed for an improper purpose under Bankruptcy Rule 9011 and as an attempt to manipulate the bankruptcy process in violation of section 105 of the Bankruptcy Code).

38. Given the gravity of an improperly filed bankruptcy case, the "safe harbor" provisions of Rule 9011 are not available, and are expressly excluded therefrom. *See* Fed. R. Bankr. P. 9011(c)(1)(A); *see also In re Dental Profile, Inc*., 446 B.R. 885, 899 (Bankr. N.D. Ill. 2011) (court retained jurisdiction after dismissal to consider Rule 9011 sanctions, noting that the immediate negative consequences arising from a bankruptcy are not cured by a withdrawal of the petition).

39. Pursuant to this Motion, the most pressing matter to address is the dismissal of the unauthorized Chapter 11 Cases. As part of the requested dismissal this Court may retain jurisdiction to determine and award sanctions. *In re Am. Telecom Corp.*, 319 B.R. 857, 862 (Bankr. N.D. Ill. 2004) ("A federal trial court may retain jurisdiction after the dismissal of a case for the limited purpose of adjudicating Rule 11 (or Rule 9011) litigation") (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

### IV. NOTICE

40. Initial notice of this Motion has been provided by CM/ECF to (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the Receiver/RAMC Entities; (c)

the Bank; and (d) all other parties who have requested notice and service of all pleadings via the Court's CM/ECF system.

41. The Movant proposes to present at the initial hearing on this matter a briefing schedule and requests that the Court reduce the twenty-one day notice period applicable to motions to dismiss a chapter 11 case. Bankruptcy Rule 2002(a)(2) generally requires a party in interest to provide twenty-one days' notice to all creditors for "the hearing on the dismissal of the case." Fed. R. Bankr. P. 2002(a)(7). The Court may reduce this period pursuant to Bankruptcy Rule 9006(c).

42. Given (a) the nature of the disputes presented herein, (b) that such disputes are essentially two-party disputes between the Bank and Receiver on the one hand, and the RAMC Entities on the other, (c) and that Movant has demonstrated a lack of authority to file the Chapter 11 Cases in the first instance, Movant requests that this Court schedule a hearing on a reduced schedule, with notice of such hearing to be provided to all creditors of the RAMC Entities.

**V.    CONCLUSION**

43. The Receiver has made an end-run on the Bank Litigation by moving the disputes therein to federal bankruptcy court. Because they were filed without the appropriate specific authority necessary to initiate a bankruptcy, the Chapter 11 Cases must be dismissed immediately. Regardless of the disputes among the parties in Bank Litigation, and the litany of allegations leveled by the Receiver, there is no question that neither the State Court nor the RAMC Entities authorized the Receiver to file the Chapter 11 Cases. As such, a dismissal is mandated.

13

#801812v3

WHEREFORE, Carol J. Delgado respectfully requests the entry of an order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof without further notice, and for such other and further relief as is just.

                Respectfully Submitted,

                CAROL J. DELGADO

                By:   /s/ Nathan Q. Rugg
                      One of her attorneys

NATHAN Q. RUGG, ESQ. (ARDC #6272969)
HENRY B. MERENS, ESQ. (ARDC #6181695)
BRAD A. BERISH, ESQ. (ARDC #6200891)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059

14

#801812v3